Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146-5308
Telephone:    (702) 228-7590
Facsimile:    (702) 892-0122
E-Mail:    bkfilings@s-mlaw.com

*Attorneys for Yvette Weinstein, Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-15-10462-MKN |
| LIONEL SAWYER & COLLINS, LTD., | Chapter 7 |
| Debtor | Adversary No. |
| YVETTE WEINSTEIN, TRUSTEE, | |
| Plaintiff, | |
| v. | **COMPLAINT FOR AVOIDANCE OF PREFERENCE PAYMENTS AND FRAUDULENT TRANSFERS** |
| RORY REID, | |
| Defendant. | |

Yvette Weinstein, Trustee (the "Trustee"), the Chapter 7 trustee in the above-captioned case, by and through her counsel, Schwartzer & McPherson Law Firm, hereby files this Complaint For Avoidance Of Preference Payments And Fraudulent Transfers and alleges and avers as follows:

### PARTIES

1.    Plaintiff Yvette Weinstein is the Chapter 7 Trustee of the bankruptcy estate of Lionel Sawyer & Collins, Ltd. (the "Debtor").

2.    Upon information and belief, Defendant Rory Reid ("Defendant") is and was at all times relevant herein, a resident of Clark County, Nevada.

### JURISDICTION AND VENUE

3.    The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 544, 547, 548, and 550 and NRS 112.180.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (H).

5. Venue is proper pursuant to 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

6. The Defendant was a shareholder of the Debtor and held stock of the Debtor.

7. The Defendant was a director of the Debtor.

8. The Defendant terminated his relationship with the Debtor.

9. Upon information and belief, the Defendant was a party to a stock purchase agreement whereby the Debtor agreed to purchase the stock of a shareholder due to the termination of the shareholder's employment.

10. The Debtor made transfers to the Defendant for the purchase of the Defendant's stock as follows:

| Check No./Date | Amount | Date Check Honored |
| --- | --- | --- |
| 120007/July 3, 2014 | $26,400.00 | July 15, 2014 |
| 120464/September 3, 2014 | $ 6,930.00 | September 10, 2014 |
| 120727/October 6, 2014 | $ 3,788.89 | November 12, 2014 |
| 120955/November 3, 2014 | $ 3,764.44 | November 12, 2014 |
| Total | $40,883.33 | |

(collectively, the "Transfers"). True and correct copies of the Transfers are attached hereto as **Exhibit 1**.

11. On January 30, 2015, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date").

12. The Trustee and Defendant entered into a tolling agreement providing for an extension of time to file an action under 11 U.S.C. §§ 544, 547, 548, and 550 until on or before April 14, 2017.

## FIRST CLAIM FOR RELIEF
### (11 U.S.C. § 547)

13. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs and incorporates the same as if fully set forth herein.

14. The Transfers were of an interest of the Debtor in property.

15. The Transfers were made to or for the benefit of a creditor, the Defendant.

16. The Transfers were made for or on account of an antecedent debt owed by the Debtor before the Transfers were made.

17. The Transfers were made while the Debtor was insolvent.

18. The Transfers were made within one year of the Petition Date.

19. The Transfers were made to the Defendant who is an insider.

20. The Transfers enabled the Defendant to receive more than he would have received if the Transfers had not been made and the Defendant had received payment of such debt to the extent provided by the provisions of this title.

21. The Plaintiff is entitled to a money judgment against the Defendant in the amount of the fair market value of the Transfers, or avoidance of the Transfers, in accordance with 11 U.S.C. §§ 547 and 550.

## SECOND CLAIM FOR RELIEF
### (11 U.S.C. § 548(a)(1)(B))

22. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs and incorporates the same as if fully set forth herein.

23. The Transfers were of an interest of the Debtor in property.

24. The Transfers were made within two years before the Petition Date.

25. The Debtor had a creditor(s) as of the date of the Transfers.

26. The Debtor made the Transfers without receiving reasonably equivalent value in exchange for the Transfers.

27. The Debtor was insolvent on the date that such Transfers were made, or became insolvent as a result of such Transfers.

28. The Debtor was engaged in business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the debtor was an unreasonably small capital.

29. The Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond his ability to pay as they became due or matured.

30. The Plaintiff is entitled to a money judgment against the Defendant in the amount

of the fair market value of the Transfers, or avoidance of the Transfers, in accordance with 11 U.S.C. §§ 548(a)(1)(B) and 550.

### THIRD CLAIM FOR RELIEF
### (11 U.S.C. § 544; NRS 112.180(1)(b))

31. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs and incorporates the same as if fully set forth herein.

32. The Transfers were of an interest of the Debtor in property.

33. The Debtor had a creditor(s) as of the date of the Transfers.

34. The Transfers were made within four years of the Petition Date.

35. The Transfers were made by the Debtor without receiving a reasonably equivalent value in exchange for the Transfers.

36. The Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

37. The Debtor intended to incur, or believed or reasonably should have believed, that the Debtor would incur debts beyond his or her ability to pay as they became due.

38. The Plaintiff is entitled to a money judgment against the Defendant in the amount of the fair market value of the Transfers, or avoidance of the Transfers, in accordance with 11 U.S.C. §§ 544 and 550 and NRS 112.210.

### FOURTH CLAIM FOR RELIEF
### (11 U.S.C. § 550)

39. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs and incorporates the same as if fully set forth herein.

40. Plaintiff is entitled to a judgment and order requiring and compelling Defendant to return to the Plaintiff the amount of the Transfers.

WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

1. For an order avoiding the Transfers;
2. For an award of damages in the fair market value or monetary sum of the Transfers;

3. For attorney's fees and costs of suit where appropriate;

4. For all other relief the Court deems just and proper.

DATED: April 13, 2017.

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, NV 89146
*Attorneys for Yvette Weinstein, Chapter 7 Trustee*

# EXHIBIT "1"

120007 - $26,400.00 - 7/15/2014

```
LIONEL SAWYER & COLLINS                                              120007
ATTORNEYS AT LAW
300 S. FOURTH STREET, SUITE 1700          BANK OF NEVADA
LAS VEGAS, NV 89101
(702) 383-8888

Twenty-Six Thousand Four Hundred and No/100 Dollars
                                                DATE            AMOUNT
                                                7/3/2014        $26,400.00

PAY    RORY J REID
TO THE 183 Harvard Court                        LIONEL SAWYER & COLLINS
ORDER  Henderson, NV 89074                         ATTORNEYS AT LAW
OF

        ⑈120007⑈ ⑆122401778⑆         3959
```

120007 - $26,400.00 - 7/15/2014

```
                                                Seq  226
                                                Batch: 932517
                                                Date: 07/14/14

        Seq:00226 07/14/14
        BAT:932517 CC:3500005/74
        RT:81 LTPS:Gallop PT
        BC:Green Valley/Pebble BC NV1-106
```

For Deposit Only
R.J.R.

120464 - $6,930.00 - 9/10/2014

```
                                                                    120464
LIONEL SAWYER & COLLINS
ATTORNEYS AT LAW                              BANK OF NEVADA
300 S. FOURTH STREET, SUITE 1700
LAS VEGAS, NV 89101
(702) 383-8888

Six Thousand Nine Hundred Thirty and No/100 Dollars
                                              DATE           AMOUNT
                                              9/3/2014       $6,930.00

PAY   RORY J REID
TO THE  183 Harvard Court                     LIONEL SAWYER & COLLINS
ORDER                                         ATTORNEYS AT LAW
OF    Henderson, NV 89074                     VOID AFTER 90 DAYS
```

120464 - $6,930.00 - 9/10/2014

PAY TO THE ORDER OF
BANK OF AMERICA
LAS VEGAS, NV 89101-6014
FOR DEPOSIT ONLY
EQUITY THREE LLC

120727 - $3,788.89 - 11/12/2014

```
                                                                          120727
LIONEL SAWYER & COLLINS
ATTORNEYS AT LAW                        BANK OF NEVADA
300 S. FOURTH STREET, SUITE 1700        A division of Western Alliance Bank,
LAS VEGAS, NV 89101                     Member FDIC.
(702) 383-8888
```

Three Thousand Seven Hundred Eighty-Eight and 89/100 Dollars

DATE 10/6/2014    AMOUNT $3,788.89

PAY TO THE ORDER OF:
RORY J REID
183 Harvard Court
Henderson, NV 89074

LIONEL SAWYER & COLLINS
ATTORNEYS AT LAW
VOID AFTER 90 DAYS

⑆120727⑆ ⑇122401778⑇    13959

120727 - $3,788.89 - 11/12/2014

PAY TO THE ORDER OF
BANK OF AMERICA
LAS VEGAS, NV 89101-0014

120955 - $3,764.44 - 11/12/2014

```
                                                                      120955
LIONEL SAWYER & COLLINS                          BANK OF NEVADA
ATTORNEYS AT LAW                          A division of Western Alliance Bank,
300 S. FOURTH STREET, SUITE 1700                    Member FDIC.
LAS VEGAS, NV 89101
(702) 383-8888

Three Thousand Seven Hundred Sixty-Four and 44/100 Dollars
                                                  DATE            AMOUNT
                                              11/3/2014         $3,764.44

PAY       RORY J REID
TO THE    183 Harvard Court                       LIONEL SAWYER & COLLINS
ORDER     Henderson, NV 89074                       ATTORNEYS AT LAW
OF                                                          VOID AFTER 90 DAYS

                                              [signature] Dan McG___

    ⑈120955⑈  ⑆122401778⑆       3959
```

120955 - $3,764.44 - 11/12/2014

PAY TO THE ORDER OF
BANK OF AMERICA
LAS VEGAS, NV 89101-5014
FOR DEPOSIT ONLY
EIGHTY THREE LLC